Freda ROBINSON, Plaintiff–Appellant,

v.

ESTATE OF Raymond C. ROBINSON
and Mary Robinson,
Defendants–Respondents.

No. 15922.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 1989.

John E. Counts, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiff-appellant.

Wallace L. Duncan, Poplar Bluff, for defendant-respondent Estate of Raymond C. Robinson.

Mark A. Kennedy, Kennedy & Kennedy, Poplar Bluff, for defendant-respondent Mary Robinson.

PREWITT, Judge.

Plaintiff filed suit on a promissory note claiming $52,800, the face amount of the note, with interest and attorney's fee. Defendants are plaintiff's brother's estate and his widow. Plaintiff received judgment for $15,994.60 with 10% interest from November 4, 1987, and $1,600 for attorney's fee. Plaintiff appealed.

Plaintiff contends that the trial court erred in finding that decedent's portion of "the family farm" was transferred to her from the decedent and defendant Mary Robinson as partial satisfaction of the principal and interest on the note because there was no evidence to support that finding. She claims that the evidence established that the parties agreed that the transfer of the land was only for plaintiff giving up her right to collect interest payments from the date of the maturity of the note and not as partial payment of any principal.

Plaintiff asserts that the trial court's determination was an effort to compromise the litigation and was outside the pleadings and evidence as the parties' contentions and their evidence reflected a dispute as to whether the property was deeded in full satisfaction of the note or for interest on it only. She says that as neither party pled nor sought the result found by the trial court, partial satisfaction of principal and interest, that finding was improper.

Our review of a court tried case is to sustain the judgment unless there was no substantial evidence to support it, unless it was against the weight of the evidence, unless it erroneously declared the law, or erroneously applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where, as here, there are no findings of fact, all fact issues are deemed found in accordance with the result reached and the judgment affirmed, if it is correct on any theory supported by the pleadings and evidence. *De Paul Hospital School of Nursing v. Southwestern Bell Telephone Co.*, 539 S.W.2d 542, 545 (Mo.App.1976).

Credibility of the witnesses generally is a question for the trial court. *Ryan v. Tinker*, 744 S.W.2d 502, 503 (Mo.App.1988). It is for the trier of fact to judge the credibili-

ty of witnesses, and a judge or jury may disbelieve testimony even when uncontradicted. *Dambach v. James*, 587 S.W.2d 640, 643 (Mo.App.1979).

Plaintiff loaned decedent and his wife $40,000. A promissory note evidencing this indebtedness and interest was signed by them dated November 15, 1976. Apparently interest was added to the amount loaned to make the face amount of the note $52,800. Two deeds of trust secured the payment of the note, one on the "family farm" and another on a tract of commercial property in Poplar Bluff. Payments were to be made in installments and $6,500 was paid in that manner until February 1978. No payments were made thereafter. The deed conveying decedent's portion of the farm to plaintiff was dated January 9, 1980. Plaintiff retained possession of the note and was not requested to surrender it. After receiving the deed plaintiff made no attempt to collect either principal or interest on the note until after decedent's death. There was evidence indicating that the land was worth more than the accrued interest, but not as much as the total due on the note.

The transaction was between the decedent and the plaintiff, whose testimony the trial court could have found, and apparently did find, was not entirely credible. Plaintiff said the farm was deeded only for payment of interest. A brother of plaintiff and decedent testified that decedent also told him that. Decedent's version of what transpired was not available, but statements he made regarding it were before the court through the testimony of defendant Mary Robinson. These statements indicate that the farm was deeded in full satisfaction of the note.

If the evidence leaves the terms of an oral contract doubtful it is the province of the trial court to find the parties' intent by the words used. *Baggesi v. Baggesi*, 100 Cal.App.2d 828, 224 P.2d 894, 898 (1950). See also Restatement (Second) of Contracts §§ 202–203 (1981); 4 Williston on Contracts § 605 (3d ed. 1961).

Generally, contracts are to be construed so as to make them fair and reasonable and not to give one party an unfair advantage.

*Walker v. Woolbright Motors, Inc.*, 620 S.W.2d 451, 453 (Mo.App.1981); *Beck v. Hoel–Steffen Construction Co.*, 605 S.W.2d 810, 813 (Mo.App.1980). It is presumed by courts that the parties contracted so as to reach a fair, reasonable, and practical result. *Buffalow v. Bull*, 619 S.W.2d 913, 923 (Mo.App.1981).

The evidence here on what was intended was unclear, but the trial court reached a fair and practical result by crediting on the note the value of the land at the time it was deeded. The trial court did not have to believe all of the evidence of any of the parties. It could pick and choose what it thought credible and reach a fair and reasonable result.

Generally, if a determination of an amount due is within the range of the evidence, that determination is not erroneous although it is not precisely in accordance with the evidence of either of the parties. *Cotner v. Blinne*, 623 S.W.2d 615, 620 (Mo.App.1981); *Miller v. Johnston*, 324 S.W.2d 140, 144 (Mo.App.1959). See also *Rust & Martin, Inc. v. Ashby*, 671 S.W.2d 4, 6 (Mo.App.1984); *Arkansas–Missouri Power Co. v. Haines*, 592 S.W.2d 883, 885–886 (Mo.App.1980).

The judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.