**Arthur L. BEARDSLEY, Appellant,**

v.

**Grace E. BEARDSLEY, Respondent.**

**No. WD 44052.**

Missouri Court of Appeals,
Western District.

Nov. 19, 1991.

Leonard L. Meyer, Independence, for appellant.

John J. Phillips, Independence, for respondent.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

HANNA, Judge.

This is an appeal from a judgment rendered in a court tried case. The plaintiff was awarded $7,776.00 on his quantum meruit claim for services rendered and the defendant was awarded a total of $5,550.00 on her counterclaim for unjust enrichment. Both parties appeal.

The parties were married to each other on two separate occasions, each followed by a divorce. They were divorced prior to the time in question in this case. Sometime in April of 1987, the plaintiff, Mr. Arthur Beardsley, was terminated from his employment and persuaded the defendant, Mrs. Grace E. Beardsley, to allow him to move into her home located on East 29th Terrace in Independence, Missouri. In March, 1989, the defendant purchased a dilapidated house located on Winner Road in Independence, Missouri and agreed to let plaintiff do some of the remodeling work. There was a dispute about the terms of plaintiff's compensation for his services. Plaintiff expected to be paid for his services and defendant claims she agreed to provide him room and board for his services.

Beginning in March, 1989 and continuing to the first part of October, 1989, the plaintiff performed general renovation on the house. There is agreement that plaintiff supplied the defendant a valuable service. However, there was also evidence that the plaintiff's work suffered when he sustained a fractured ankle during this period, that he sometimes consumed amounts of alcohol which rendered him incapable of performing his work and that some of the work had to be redone by defendant due to inferior workmanship.

The defendant supplied all the materials for the project, paid any additional workers, paid for general repairs to plaintiff's pickup truck as well as supplying him with most of his meals and paid some unrelated legal expenses of plaintiff.

After the project was completed, the defendant requested that the plaintiff move out of the Winner Road house so she could move in. She did not pay plaintiff any additional money for the work he had performed. The plaintiff then filed a mechanic's lien and brought an action to enforce it as well as a claim for breach of contract, an action on account and a claim under the theory of quantum meruit. He eventually dismissed all but his quantum meruit claim. The defendant counterclaimed for the wrongful filing of the mechanic's lien and unjust enrichment.

The trial court determined that the plaintiff had worked for six months, twenty four days per month and eight hours per day and awarded plaintiff $6.75 per hour for a total of $7,776.00 on his quantum meruit claim. The defendant was allowed nothing on her counterclaim for the plaintiff's wrongful filing of the mechanic's lien, but for her unjust enrichment claim the court awarded defendant the following: $600.00 cash paid by her to the plaintiff; $1,500.00 for money advanced by the defendant to the plaintiff for truck repairs, court costs and fines; $250.00 per month for plaintiff's lodging for the months of April through June, 1989; $500.00 per month for plaintiff's lodging for the months of July through September; and $1,200.00 for meals which the defendant provided to the

plaintiff for the months of April through September, 1989. The total of these amounts was $5,550.00 to be offset against plaintiff's award of $7,776.00.

## I.

For plaintiff's first point he contends the trial court erred in assigning a value of $6.75 per hour as the reasonable value of his services because there was no evidence to support that hourly rate.

■ In Missouri, the burden is on a plaintiff seeking payment for services under a quantum meruit theory to provide testimony of the price usually and customarily paid for such services at the time and locality the services are rendered. *See Strauser v. Strauser*, 573 S.W.2d 423, 424 (Mo.App.1978). *Also see Baker v. Estate of Brown*, 365 Mo. 1159, 294 S.W.2d 22, 27–28 (1956). The generally accepted rule is that a witness may place a value upon his own services. *Nesbit v. Shisler*, 175 Mo. App. 565, 158 S.W. 419, 420 (1913). Thus a contractor is competent to give his opinion as to the reasonable value of those services. *Bodde v. Burnham*, 588 S.W.2d 516 (Mo.App.1979) and *Baraba v. Stuart*, 780 S.W.2d 136, 138 (Mo.App.1989).

Plaintiff complains that the value of the services of skilled trades require the testimony of an expert and he was the only one to provide that evidence. His work included: 1) rough-in carpentry; 2) removal of debris from the property; 3) general supervision of subcontractors; 4) some electrical wiring; 5) plumbing; 6) painting; 7) pouring concrete; 8) putting up new sheetrock; 9) installing insulation; 10) replacing a fence; 11) installing a jacuzzi; 12) installing windows and cabinets; 13) wallpapering; and 14) general hauling with his pickup truck. He testified that the true value of his services was approximately $20.00 per hour which was based upon charges made by licensed electricians, plumbers and carpenters in the Kansas City area. He did not indicate the amount of time he spent on any particular project and admitted he was not licensed for any type of plumbing, electrical or contracting work. The plaintiff then requested $10.00 per hour as a reasonable value for the services he provided defendant.

■ Assuming that expert testimony was required to satisfy plaintiff's burden of proof as to the reasonable value of his services, the trial court was not bound by plaintiff's "expert" testimony. The rules governing opinion and expert testimony are well settled. The testimony of an expert is to be considered like any other testimony, is to be tried by the same test, and receive just so much weight and credit as the jury (or judge) may deem it entitled to when viewed in connection with all other circumstances. *State v. Quilling*, 363 Mo. 1016, 256 S.W.2d 751, 752 (Mo. banc 1953), *citing Scanlon v. Kansas City*, 325 Mo. 125, 28 S.W.2d 84, 95 (Mo. banc 1930). There is no logical distinction between expert opinion testimony and fact testimony and the values of both are to be measured by precisely the same standards. *Phares v. Century Electric Co.*, 336 Mo. 961, 82 S.W.2d 91, 95 (1935). The rule is not different even though the expert evidence is uncontradicted. *Quilling*, 256 S.W.2d at 752–753. A judge, as the trier of fact, has the authority to weigh the evidence and is not bound by the opinions of experts who testify on the issue of reasonable value, but may believe all or none of the expert's testimony and accept it in part or reject it in part. *Baker*, 294 S.W.2d at 27. A judge must give weight to the testimony of expert witnesses when determining the value of services rendered but it has broad discretion to determine the value of the plaintiff's services.

■ Plaintiff's argument is sound when he states that the services he provided to the defendant required expert testimony with respect to the charges for some of the more sophisticated electrical, plumbing and other tasks he performed. Those services are outside of the common knowledge of the court. But many of the chores that he did on this project fall within the realm of work duties commonly known; just as the farm services in *Strauser. See also Hughes v. Estes*, 793 S.W.2d 206, 210 (Mo. App.1990). The court did not need expert testimony to evaluate removing debris, general hauling, replacing a fence, putting

up sheetrock, painting or installing insulation. These are chores within the common knowledge of the trier of fact. *Id.* The problem for the trial court was how to apportion a dollar value to the skilled and unskilled services because the evidence was not clear on the amount of time the plaintiff spent engaged in each endeavor. Because of the diversity of work performed, the court did not need to apply the requested $10.00 an hour figure to all of the chores performed. That figure was no more than an amount suggested by the plaintiff.

█ As the plaintiff indicates in his brief, the trier of fact can make a determination from its own knowledge without the aid of opinion evidence when the services provided are a matter of common knowledge. *Malecek v. Estate of Enger,* 616 S.W.2d 137, 138 (Mo.App.1981). The court considered the general nature of plaintiff's services, as well as the adverse testimony concerning plaintiff's work and then determined the total hourly value of all of plaintiff's services to be $6.75 an hour. The amount per hour found by the court is within the range of the evidence and that determination is not erroneous. *Robinson v. Robinson,* 768 S.W.2d 676, 677 (Mo.App. 1989).

The plaintiff's first point is denied.

## II.

For plaintiff's second point he contends the trial court erred in denying him any credit for the use of his pickup truck at the job site, while allowing the defendant a credit for monies she paid to have the truck repaired. The plaintiff requested $20.00 per day for the use of his truck.

█ There was no evidence that the defendant agreed to hire plaintiff's truck separate and apart from the general renovation agreement nor was there any evidence of the dates, hours, or miles plaintiff actually used his truck. On the other hand, there was evidence of the precise amounts paid for repairs to the truck and that the defendant paid those expenses.

The judgment awarded the defendant $1,500.00 as a credit for "truck repairs and court costs and fines advanced by defendant for the benefit of plaintiff." Included in the $1,500.00 award was money expended for brake repairs advanced to plaintiff from defendant. The defendant's "second counterclaim" included a prayer for "funds advanced for plaintiff's personal expenses" and the defendant's evidence included money expended by defendant for the brake repairs.

Again, the burden was on the plaintiff to persuade the trier of fact that he should recover for the use of his truck and the court's decision will not be disturbed unless it is against the weight of the evidence or the judgment is clearly wrong. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2). *Four Seasons Lake Sites Properties Owners Assoc., Inc. v. Dungan,* 803 S.W.2d 173, 174 (Mo. App.1991). The fact that plaintiff used his truck sporadically to haul materials and make deliveries to the job site does not establish his right to recover for that use.

Plaintiff's second point is denied.

## III.

For plaintiff's third point he contends the trial court erred by awarding the defendant $2,250.00 on her counterclaim for rent because the plaintiff claims that the defendant was limited to a recovery of $1,200.00. Defendant testified on cross examination that the rental value of the Winner Road property was $400.00 a month after all work had been completed but before the carpet had been laid. The plaintiff claims that the defendant's response binds her to a limit of $1,200.00 recovery for rent. The claimed error ignores the evidence.

█ The plaintiff's point focuses mainly upon the three month period from April through June, 1989. The evidence was conflicting about plaintiff's living quarters for the months of April through June. The undisputed evidence was that the defendant furnished the plaintiff living quarters for all of the time between April through

September, the only question being where he lived April through June. For this time the plaintiff claimed he lived at the Winner Road house for insurance reasons, because he needed to protect his tools from the threat of vandalism from kids at a nearby school. The defendant testified that he lived with her at her residence. It was for the trial court to decide where plaintiff lived for the three month period and to place a rental value on the property for those months.

When the defendant was asked what reimbursement she was seeking for providing living quarters for the plaintiff for these three months she replied that her residence had a monthly mortgage of $577.00. There was no other testimony about the value of her residence. She also testified that the fair rental of the Winner Road property was $500.00 per month after it was completed.

Admittedly this evidence is less than preferred but, nevertheless, sufficient for the court to place a value of $250.00 per month on the rental value of plaintiff's quarters for April through June. The trial court did not make a finding at which location the plaintiff lived during this time, but the $250.00 per month is within the range of evidence and not clearly erroneous.

▋ As for the months of July through September, the defendant initially testified that the Winner Road property had a fair rental value of $500.00 after completion in July. In later testimony she said that she would accept a rental value of the property for those three months of $400.00 per month because the carpet had not been installed. There was also evidence that from July through September, 1989 the defendant paid all of the utilities for the Winner Road house. On this evidence the court had a basis to have found $500.00 per month for July through September as the reasonable value of plaintiff's lodging.

Defendant's counterclaim contained a general prayer for room and board for April through September, 1989. The defendant provided living quarters for the plaintiff during that period of time. Some compensation was appropriate and if a de-

termination by the court of an amount due is within the range of evidence, that determination is not erroneous although it is not precisely in accordance with the evidence of either of the parties. *Robinson*, 768 S.W.2d at 677 (Mo.App.1989); *Baker*, 294 S.W.2d at 27; *Miller v. Johnston*, 324 S.W.2d 140, 144 (Mo.App.1959).

Plaintiff's third point is denied.

### IV.

Plaintiff contends the trial court disregarded the evidence when it awarded him only twenty four days each for six months of work when he actually worked twelve days in March and three days in October.

▋ Testimony of both parties indicated the plaintiff worked between the dates of March 15 and October 4, 1989. There was no itemization or record kept by either party of actual days or times the plaintiff worked. The court made a finding of the number of days the plaintiff actually worked. It did not find that the work took place in March or October but only that there was a total of six months work which consisted of twenty four days per month. The court's finding was for the total time worked, not, as the plaintiff argues, the dates that he worked. It makes no difference that plaintiff worked in March or October. The trial court gave him credit to working a total of 144 days, not necessarily in any particular month. There is no irregularity between the evidence and the court's findings. The court reached a fair and reasonable result based upon the evidence it found credible. *See Robinson*, 768 S.W.2d at 677.

### V.

For plaintiff's fifth point he claims the trial court erred by not awarding plaintiff a $2,500.00 credit against defendant's award when plaintiff had given her a similar credit for personal services.

▋ We have searched the legal file and the transcript that have been referenced by the plaintiff and studied the argument made in the brief and are unable to

determine what error or action of the court the plaintiff complains. A party is required to identify the erroneous action and then is required to specify wherein and why it is claimed to be erroneous. These requirements of the rule have been overlooked and it is not for this court to be thrown into the role of advocate to guess at the party's position. For this reason the point is denied. *McKee v. Wilmarth,* 771 S.W.2d 955, 957 (Mo.App.1989). Rule 84.04(d).

## VI.

The defendant argues that the court erred because it found against her on the counterclaim for wrongful filing of plaintiff's mechanic's lien because defendant established her right to at least nominal damages. Defendant claims that her cause of action is not a wrongful filing of a mechanic's lien but rather a slander of title cause of action and that cause of action entitles a party to at least nominal damages. The elements of a slander of title cause of action are:

(1) The words must be false;

(2) They must be maliciously published; and

(3) They must result in pecuniary loss or injury to the claimant.

*See Tongay v. Franklin County Mercantile Bank,* 735 S.W.2d 766, 770 (Mo.App.1987).

Defendant's counterclaim alleged ownership of the property, plaintiff's false representations of date work completed, terms of the work, the notice requirements and that plaintiff maliciously filed the lien and that defendant suffered financial loss.

The court took up defendant's counterclaim and issued it's judgment of September 27, 1990: "After due consideration, the court finds that the defendant should take nothing on her first counterclaim."

The judgment is presumed to be correct unless it is against the weight of the evidence or an incorrect application of the law. *Murphy,* 536 S.W.2d at 32 (Mo.App.1976). The evidence was submitted to the court and it found that it was not sufficient to sustain the claim. The defendant's point is denied.

The judgment of the trial court is affirmed.

All concur.