In the Matter of Ralph HANCOCK, An Alleged Incapacitated and Disabled Person.

Jerry THORNSBERRY, Public Administrator–Respondent,

v.

Francis HANCOCK, Appellant.

No. 17699.

Missouri Court of Appeals, Southern District, Division One.

April 9, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1992.

Tyce S. Smith, Sr., Cary L. Hansen, Smith, Hutcheson and Dunbar, Waynesville, for public administrator-respondent.

Tweedie Fisher, Jefferson City, for appellant.

PREWITT, Presiding Judge.

Francis Hancock, a nephew of Ralph Hancock, appeals from the trial court's order appointing Jerry Thornsberry, the Pulaski County Public Administrator, as Ralph Hancock's conservator and guardian. Appellant contends that there was insufficient evidence that Ralph Hancock was incapacitated or disabled and those findings were against the weight of the evidence. Appellant also asserts that if a conservator and guardian should be appointed, it should be appellant.

Review of this nonjury case is under Rule 73.01. Cases interpreting that rule require that this court sustain the judgment unless there was no substantial evidence to support it, unless it was against the weight of the evidence, unless it erroneously declared the law, or erroneously applied the law. *Robinson v. Estate of Robinson*, 768 S.W.2d 676 (Mo.App.1989). This court sets aside a judgment on the ground that it is against the weight of the evidence only when we have a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App. 1990). "Weight of the evidence" means the evidence's weight in probative value, not its quantity or amount. *Id.*

■ A person petitioning for appointment as a conservator or guardian has the burden of proving incapacity or disability by clear and convincing evidence. *Matter of Conservator Estate of Moehlenpah*, 763 S.W.2d 249, 261 (Mo.App.1988).

■ On appellate review of a case tried without a jury, due regard is given the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). On issues on which there are no findings of fact, all fact issues are deemed found in accordance with the result reached. *De Paul Hospital School of Nursing v. Southwestern Bell Telephone Co.*, 539 S.W.2d 542, 545 (Mo.App.1976).

■ Letters of guardianship of the person are granted for a person adjudged incapacitated. Letters of conservatorship are granted for a person adjudged to be disabled. § 475.030.1, RSMo 1986. An "incapacitated person" is defined in § 475.010(8) as:

one who is unable by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that he lacks capacity to meet essential requirements for food, clothing, shelter, safety or other care such that serious physical injury, illness, or disease is likely to occur. The term *"incapacitated person"* as used in this chapter includes the term *"partially incapacitated person"* unless otherwise specified or apparent from the context.

A person who is "disabled" or a "disabled person" is defined in § 475.010(4), RSMo 1986 as one:

(a) Unable by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that the person lacks ability to manage his financial resources, or

(b) The term *"disabled"* or *"disabled person"* as used in this chapter includes the terms *"partially disabled"* or *"partially disabled person"* unless otherwise specified or apparent from the context.

The trial court had sufficient evidence before it to find that Ralph Hancock was disabled and incapacitated. The evidence was sufficiently clear and convincing to support the trial court's determination that an appointment of a guardian and a conservator should be made.

Ralph Hancock is 90 years old and confined to a wheelchair. He recently had a stroke which resulted in right-side weakness. His hearing is poor and he is nearly blind. He resides in a nursing home where his clothing, food, and daily needs are met by the staff. A physician testified that Ralph Hancock had "advancing senility". Specifically, the doctor said that Ralph Hancock had a poor response to questions, his answers were incomplete and his comprehension of conversation was weak. The physician said that Mr. Hancock did not recognize him until after they had talked at some length, nor did he realize where he was or the time and date. The doctor concluded that he was not mentally or physically able to care for himself. There was evidence that Ralph Hancock had memory problems which required that he

have assistance with his financial affairs. He had difficulty reading and was unable to handle his bank checking account and payment of his bills.

Appellant was entitled to a preference as a relative under § 475.050.1(3), RSMo Supp.1991. However, whether or not to appoint him was in the sound discretion of the trial court. *Matter of Conserv. Estate of Moehlenpah,* 763 S.W.2d at 264. The legislature's intent to maintain a preference for relatives is subject to the exceptions stated in *Roots v. Reid,* 555 S.W.2d 54, 57 (Mo.App.1977). There, *Roots* said:

> [A] relative should be appointed over a stranger as a guardian unless the record discloses dissension in the family, the adverse interest of the relatives and the incompetent, the lack of business ability of the relative, or any other reason whereby a stranger would best serve the interest of the incompetent.

The trial court specifically found that there was dissension among the nephews of Ralph Hancock, his nearest relatives, and that appellant's methods as to how he might care for Ralph Hancock would be inadequate. The trial court was justified in appointing the public administrator.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.