In re the ESTATE OF Carl
Benton WOOD.

Sharon K. STAFFORD, Appellant,

v.

Helen BOMAR, Respondent.

No. WD 46828.

Missouri Court of Appeals,
Western District.

May 18, 1993.

———

Ralph W. Hicks, St. Joseph, for appellant.

Kimberly L. Loving, St. Joseph, for respondent.

Before BERREY, P.J., and
BRECKENRIDGE and HANNA, JJ.

PER CURIAM.

Sharon K. Stafford, a niece of Carl Benton Wood, appeals from an order appointing Helen Bomar as Mr. Wood's guardian and conservator. Ms. Stafford claims that, because she is a relative, she should have been appointed instead of Mrs. Bomar who, although a close friend, is not related to Mr. Wood.

The judgment of the trial court is affirmed.

At the time of the hearing Mr. Wood was seventy-five years old, and Mrs. Bomar was seventy-four. Mr. Wood and Mrs. Bomar were both widowed when they met at an American Legion dance in April, 1981. By the summer of 1982, they were spending most of their time together, either at Mr. Wood's home in St. Joseph or on Mrs.

Bomar's farm near Fillmore. In March 1991, Mrs. Bomar sold her farm, and moved into Mr. Wood's home in St. Joseph where she has lived ever since. Occasionally, Mr. Wood discussed marriage with Mrs. Bomar, but they never pursued that option. Over the years, Mrs. Bomar assisted Mr. Wood in repairing and maintaining his rental houses. She also accompanied Mr. Wood when he went to collect rent from his tenants. From these activities, Mrs. Bomar became familiar with the way in which Mr. Wood supervised his properties. She was also familiar with his financial practices, and they discussed his business decisions.

In June 1992, Mr. Wood suffered an incapacitating stroke and was admitted to a long-term care facility in St. Joseph. Since the stroke, Mrs. Bomar spent virtually all her days at the health care facility, attending to Mr. Wood. Generally, she arrived at the facility at 8:00 or 9:00 in the morning, and stayed until 8:00 at night. If she left the facility during the day, it was often to take care of his business. Since Mr. Wood's stroke, Mrs. Bomar collected his rent payments, paid his bills out of the rent money, and deposited his rent proceeds, pension checks and social security checks. She was familiar with his various accounts, and knew about his health insurance. In addition, Mrs. Bomar had her own regular income, which she kept separate from his.

Unlike Mrs. Bomar, Ms. Stafford was not familiar with her uncle's business or financial affairs. During the years that preceded Mr. Wood's stroke, Ms. Stafford visited her uncle's home once every three or four months, and he visited Ms. Stafford's home two or three times a year. In addition, Mr. Wood telephoned Ms. Stafford once every month or two. After Mr. Wood's stroke, Ms. Stafford visited him in the hospital once or twice a week.

Section 475.050(1)(3), RSMo Supp.1990 provides that before appointing any other person as a guardian or a conservator, the trial court must first consider the suitability of appointing any close adult relative who is willing to serve. Ms. Stafford asserts on appeal that, as Mr. Wood's niece, she is a "close relative" entitled to this statutory preference, and therefore the trial court erred by appointing Mrs. Bomar, a non-relative, as Mr. Wood's guardian and conservator.

Whether Ms. Stafford qualifies as a "close" relative for the purposes of § 475.-050 is a question for the finder of fact. *Byrne v. Schneider,* 808 S.W.2d 936, 939 (Mo.App.1991). However, we need not reach the issue of whether Ms. Stafford is a "close" relative within the meaning of the statute, for even assuming, *arguendo,* that she qualifies as such, we find no reversible error on the part of the trial court.

While preference of appointment is accorded to blood relatives, this preference is not absolute. *In re Gollaher,* 724 S.W.2d 597, 601 (Mo.App.1986). Ms. Stafford contends that since there is no family dissention she should be appointed instead of Mrs. Bomar according to *Roots v. Reid,* 555 S.W.2d 54 (Mo.App.1977). However, *Roots* states that "a relative should be appointed over a stranger unless the record discloses dissention in the family, the adverse interest of the relatives and the incompetent, the lack of business ability, *or any other reason whereby a stranger would best serve the interest of the incompetent."* *Id.* at 57 (emphasis added). Section 475.050(1)(3) requires the court to consider the suitability of appointing not only blood relatives but "any eligible person." *In re Brown,* 710 S.W.2d 402, 405 (Mo.App. 1986). Therefore, a non-relative may be appointed if the record discloses any reason whereby such an appointment would best serve the interests of the disabled or incapacitated party. *In re Hancock,* 828 S.W.2d 707, 709 (Mo.App.1992). The decision of whom to appoint lies within the sound discretion of the trial court. *Id.*

In the case at bar, the trial court decided that the appointment of a non-relative would best serve Mr. Wood's interests.

First, Mrs. Bomar is not a "stranger" to Mr. Wood or his business affairs. Not only did she and Mr. Wood share a close personal relationship, they also worked together in a trusting business relationship. Mrs. Bomar spent virtually every day at the health care facility with him, only taking time off to handle his business affairs. She is also well versed with his business practices and financial affairs. In contrast, Ms. Stafford saw her uncle relatively infrequently before his stroke, and she was not as well acquainted with his business dealings and finances. Under the circumstances, we are unable to conclude that the trial court's decision was against the weight of the evidence or unsupported by the evidence, or that it erroneously declared or misapplied the law. *Hancock,* 828 S.W.2d at 708.

Accordingly, the judgment of the trial court is affirmed.