Susan M. (Bartlett) GINOS, Movant–Appellant,

v.

Hugh C. BARTLETT, Respondent–Respondent.

No. 18344.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 4, 1993.

1. Appellant's present counsel did not represent him at trial.

Carla G. Holste, Carson & Coil, P.C., Jefferson City, for movant-appellant.

John A. Clayton, Thomas, Birdsong & Clayton, P.C., Rolla, for respondent-respondent.

PREWITT, Judge.

Appellant appeals from the trial court's order entered July 22, 1992, modifying an order dissolving the parties' marriage entered September 12, 1986. Appellant contends the trial court erred in determining child support and stating in the order modifying the decree that "[r]espondent shall designate physicians to provide care to the minor children, except when impractical as a result of emergency circumstance."

Review in this nonjury case is under Rule 73.01(c). As that rule is interpreted, this court is to sustain the trial court's order unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Thomas v. Depaoli*, 778 S.W.2d 745, 747 (Mo.App.1989). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2). The trial judge can disbelieve testimony even·when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App.1989).

Two children were born of the parties' marriage. The dissolution decree of September 12, 1986, granted custody of the children to appellant and ordered respondent to pay support of $575.00 per child per month. On June 12, 1990, appellant filed a motion to modify the decree, seeking an increase in child support.

The trial court, following Rule 88.01 and Form 14 of those rules, determined that there was a total child support obligation of the parties of $1,550 and respondent's proportionate share was $1,348.50. The court found that respondent's monthly income exceeded the $10,000 monthly maximum set in the schedule which is a part of Form 14, but stated, "[t]here is insufficient proof of unusual or extraordinary expense incurred in the rearing of the minor children of the parties, so as to require the awarding of child support amounts in excess of the amount of support set out" in Form 14.

Appellant asserts that the trial court erred by failing "to recognize that the amount of child support calculated under Missouri Supreme Court Rule 88.01 is a rebuttable presumption, failed to properly consider appellant's evidence which rebutted the presumption and erroneously declared that a showing of unusual or extraordinary expenses is necessary to rebut the presumption." Appellant contends that she established that the needs for the children were at least $2,223.78 per month.

Rule 88.01(e) provides that there is a rebuttable presumption that the child support

calculated pursuant to Form 14 is correct unless the court finds after considering the relevant factors that this amount "is unjust or inappropriate".

Decisions of the Missouri Supreme Court are "controlling" upon this court. Mo. Const. art. V., § 2. In *Mehra v. Mehra,* 819 S.W.2d 351, 353–354 (Mo. banc 1991), that court determined how the support guidelines under Rule 88.01 and Form 14 are applied when the parties have a monthly income in excess of $10,000. In concluding that the trial court erred in considering income over $10,000 monthly, the court stated at 354:

> The amounts indicated on the schedule are but a presumption of the proper level of support, given the monthly income of the parties, and we find the trial court's mode of extrapolation beyond the confines of the schedule unjustified in the absence of any specific finding that the $1550 figure is unjust or inappropriate.

Respondent was ordered to provide medical insurance for the children and to pay 75% of deductible amounts and 75% of uninsured medical, hospital, optical, dental and pharmaceutical or other health care needs for them. He was also ordered to pay the cost of one summer camp for each of the children up to a maximum of $1,500.

The trial judge was not required to believe all of the expenses claimed by appellant and some of those amounts appear questionable. The trial court was justified in determining that there was insufficient proof to make the amount provided in Form 14 "unjust or inappropriate". The court may have not been precisely correct in reciting that there was "insufficient proof of unusual or extraordinary expense incurred in the rearing of the minor children", but we interpret that as a way of saying that the evidence did not show the figures calculated under Form 14 to be unjust or inappropriate. Point I is denied.

■ Appellant states in her second point that the trial court "erred when it ordered that respondent would be the party to select all physicians to provide medical care for the minor children because respondent did not request such authority at trial and the trial court did not have authority to enter such an order." Section 452.405.1, RSMo 1986 states:

**Custodian to determine child's upbringing, exception—continued supervision, when.—1.** Except as otherwise agreed by the parties in writing at the time of the custody decree, the custodian may determine the child's upbringing, including his education, health care, and religious training, unless the court after hearing, finds, upon motion by the noncustodial parent, that in the absence of a specific limitation of the custodian's authority the child's physical health would be endangered or his emotional development impaired.

The trial court made no finding that appellant making the children's health care decisions would endanger the children's physical health or emotional development. Nor was there evidence indicating either.

Respondent seeks to justify the trial court's order under § 452.375.1(1), RSMo Supp.1990. That section refers to **"joint legal custody"** as meaning the parents share decision-making "relating to the health … of the child". Respondent urges that as he is a physician practicing in the only hospital in the town where the children live, he would be available and uniquely qualified to make those decisions.

Quoting from *Ibrahim v. Ibrahim,* 825 S.W.2d 391, 396 (Mo.App.1992), respondent states that although §§ 452.405 and 452.375.-1(1) appear to conflict, *Ibrahim* makes it possible to reconcile the statutes. He refers to *Ibrahim,* 825 S.W.2d at 396, saying, "[a] specific visitation schedule would amount to an award of 'joint physical custody,' ". That decision does not aid respondent. To award "joint custody" the decree must "include a specific written plan setting forth the terms of such custody." § 452.375.7. The trial court did not purport to make any joint custody arrangement, so § 452.375 does not apply.

It may be that § 452.405.1 should have an exception where one of the parents is more knowledgeable in the health care area than the other. However, the statute does not do so and we are to apply it as written, not as we think it should be.

Where a statute has no exception, courts should not engraft one by judicial legislation. *Matter of A___ F___,* 760 S.W.2d 916, 918 (Mo.App.1988). Words used in the statute must be accorded their plain and ordinary meaning. When language is plain and admits to but one meaning, there is no room for construction. *State ex rel. State Bd. v. Southworth,* 704 S.W.2d 219, 224 (Mo. banc 1986).

The trial court's order amending the modification is modified by striking from the order the portion of paragraph 4 of said order reciting, "Respondent shall designate physicians to provide care to the minor children, except when impractical as a result of emergency circumstance." In all other respects the order appealed from is affirmed.

FLANIGAN, P.J., and CROW, J., concur.