**TURKEN PLUMBING CO., INC., Appellant,**

v.

**Thomas A. WOOD et al., Respondents.**

**Nos. 37673 to 37678.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 17, 1977.

Motions for Rehearing and/or Transfer
Denied July 21, 1977.

Coleman, Ross, Carey, Goetz & Schaaf, George E. Schaaf, Clayton, for appellant.

Richard J. Sheehan, Clayton, for respondents.

CLEMENS, Presiding Judge.

This appeal concerns the judgments to be entered in six related cases where in open court the parties stipulated the cases were to be passed for settlement. The issue is whether the agreed $13,000 settlement was to be for only one case, as plaintiff contends, or for all six cases, as defendants contend. Defendants prevailed in the trial court and plaintiff has appealed; the appeals are consolidated.

Plaintiff separately sued six defendants to recover for construction goods and services; each defendant counterclaimed. The six cases were assigned to Division 7 of the Circuit Court of St. Louis County. The "Seven Trails West case" went to trial and on the second day a court memorandum was entered in each of the six cases: "Cause Passed for Settlement." Plaintiff refused to go through with the settlement. Defendants moved for entry of judgments in accordance with their version of the settlements, an evidentiary hearing was held, and judgments were entered as prayed by defendants.

At the post-settlement hearing plaintiff's president, Edward Turken, testified only the "Seven Trails West case" was to be settled for $13,000 and he refused to go through with settlement when he learned defendants intended to pay only that amount for all six cases. Mr. Turken believed the other five cases were to be settled for an additional $3,500. He had, however, signed six separate memoranda each stating: "Cause passed for Settlement."

For defendants, plaintiff's attorney testified all six cases were settled for $13,000; so did defendant Multin and defendants' attorney. The trial judge so declared and stated his belief plaintiff's president so understood the overall settlement. These persons were present at trial and at the settlement negotiations. Their testimony was not uniform as to how defendants were to divide the $13,000 but they were positive the settlement was for all six cases. We have also considered the testimony of other witnesses not present throughout the trial and settlement negotiations and find it does not refute defendants' evidence.

We find the evidence supports the trial court's conclusion that the parties intended to settle all six lawsuits for $13,000. In *Landau v. St. Louis Public Service Company*, 364 Mo. 1134, 273 S.W.2d 255[1, 6] (1954) the court ruled that the terms need not be

written in an in-court stipulation to settle. We ruled in *Wenneker v. Frager*, 448 S.W.2d 932[1–3] (Mo.App.1969): ". . . an open court agreement to settle a pending lawsuit, accompanied by a stipulation that the cause be passed for settlement, terminates the cause of action and creates a new obligation warranting a judgment in accordance with the terms of settlement."

We conclude the trial court correctly construed the parties' agreement and entered judgments accordingly.

Judgments affirmed.

DOWD and WEIER, JJ., concur.