**Henry OBERG and Mary Frances Oberg, his wife, Plaintiffs-Appellants,**

**v.**

**Verena I. ALBERSWERTH, Elaine Unger, and Doris A. Craig, Defendants-Respondents.**

**No. 40619.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 2, 1980.

Thomas J. Briegel, Union, for plaintiffs-appellants.

John B. Berkemeyer, Hermann, for defendants-respondents.

STEWART, Judge.

Henry Oberg and Mary Frances, his wife, brought an action in two counts against Verena Alberswerth, who is Henry's sister, and her two daughters. Count I of plaintiffs' petition sought a declaration from the court that defendants were holding a 200 acre farm as trustees for plaintiffs under a resulting trust and that plaintiffs were the owners of the fee simple title to the farm. In the second count plaintiffs sought a declaration that they were the owners in fee simple of the farm by reason of adverse possession.

■ Our review of this court tried case is dictated by Rule 73.01–3. We will sustain the judgment of the trial court unless it erroneously declares or applies the law, unless there is no substantial evidence to support it or unless the judgment is against the weight of the evidence. We will set aside the judgment as against the weight of the evidence only if we have a firm belief that the judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

### RESULTING TRUST

■ The legal principals with respect to the creation and proof of a resulting trust are not in dispute. "[W]here one pays the purchase price for land with legal title taken in another, a presumption arises that the latter holds the property under a resulting trust for the payor." *Hergenreter v. Sommers*, 535 S.W.2d 513, 518–519 (Mo.App. 1976). It is also said that, "[i]n order to establish a resulting trust by parol evidence the proof must be so clear, cogent, positive and convincing as to exclude every reasonable doubt from the mind of the chancellor." *Mays v. Jackson*, 346 Mo. 1224, 145 S.W.2d 392, 398[9] (1940).

■ The defendant Verena Alberswerth (Verena) is the widow of Clarence Alberswerth who died on July 2, 1964. The defendants Elaine Unger and Doris A. Craig are the children of Verena by a previous marriage. Clarence is survived by Luvern Traub and Dorothy Ehlert, daughters by a previous marriage, and Verena. At the time of his death Clarence was the owner in fee of a 200 acre farm, farm equipment and personal items.

The heirs, in order to avoid probate administration of the estate, retained the services of an attorney to draft an agreement for the purpose of distributing the property. It was agreed among the heirs that the farm had a value of $8,000.00 and that the farm equipment and other personal items of the deceased had a value of $4,000.00 resulting in a total value of $12,000.00. Luvern Traub, her husband, Dorothy Ehlert, her husband, Verena and plaintiffs went to the attorney's office when the agreement was drawn and executed.

There was testimony by the attorney that in addition to a division of the estate the farm and farm machinery was to be sold to plaintiffs and that Verena was to retain the household furniture, appliances and utensils, six cows and one bull.

The instrument as drawn recites that the purpose of the agreement is to avoid administration and provides that "Verena I. Alberswerth shall be sold the farm lands [the 200 acres described], buildings and appurtenances thereto . . . ." and "all the farm equipment, machinery and other personal items of the said deceased . . . ." The total consideration for the purchase was to be $12,000.00.

The agreement further provided:

5. Verena I. Alberswerth shall receive of the total sum of $12,000.00 received for said lands and personal property of said deceased, the sum of Six Thousand Dollars ($6,000.00) as her share of the estate of the said deceased, Receipt of which is hereby acknowledged.

6. Luvern Traub shall receive of the total sum of Twelve Thousand Dollars ($12,000.00) received for said lands and personal property of said deceased, the sum of Three Thousand Dollars ($3,000.00) as her share of the estate of said deceased, receipt of which is hereby acknowledged.

7. Dorothy A. Ehlert shall receive of the total sum of Twelve Thousand Dollars ($12,000.00) received for said lands and

personal property of said deceased, the sum of Three Thousand Dollars ($3,000.00) as her share of the estate of the said deceased, receipt of which is hereby acknowledged.

No reference is made to plaintiffs in the agreement.

The agreement and a deed transferring the property to Verena were executed by the daughters of the deceased, their husbands and by Verena on September 2, 1964. On the same date a loan in the sum of $6,000.00 was obtained from The Bank of Herman for which Verena executed a note secured by a deed of trust on the 200 acre farm. The $6,000.00 was deposited in Verena's checking account from which she paid Dorothy and Carl Ehlert $3,000.00 and Luvern and John Traub $3,000.00 by checks.

After the transaction Verena continued to live on the farm. Her brother August came to live with her. She cooked for August and when Henry was at the farm she also cooked for him.

Verena testified that she and Henry discussed the possibility of sale if she could not pay for the interest of the other heirs, but she was able to make the loan and pay them. She further testified that after she purchased the interest of Clarence's daughters Henry said he wanted to rent the farm and she said, "go ahead." He was supposed to pay the taxes and did so on four occasions and paid $100.00 toward taxes on another occasion. Henry conceded that he was not to receive title until plaintiffs paid the note and an additional $6,000.00.

Plaintiff Henry Oberg and his brothers August and Arnold farmed the 200 acre farm. They also farmed an 80 acre farm that had been owned by Verena since the death of her first husband. They were to pay the taxes on the 80 acre tract for the privilege of farming that tract, but they did not always pay the taxes. The operation of the two farms was substantially the same. Henry made no claim to the 80 acre farm.

Henry testified that plaintiffs gave Verena cash with which to pay the taxes and she in turn paid the taxes with her checks. This was denied by Verena who said he did pay taxes for a few years.

Henry testified that by 1968 he paid off the note with cash which he gave to Verena who in turn paid the bank. As agreed by plaintiffs and defendants the bulk of the money to pay the note was generated by the sale of cattle that were on the farm when the deed was made to Verena and by way of sale of stave bolts and other timber and gravel from the farm.

It was Henry's contention that plaintiffs purchased the farm on September 2, 1964 with title taken in Verena's name for their benefit, and that therefore the cattle, timber and gravel belonged to them and the monies realized from their sale was applied to Verena's note by them; that they owed another $6,000.00 to complete the sale which was tendered in 1968 and again in 1976 before the suit was filed. Verena denied that any tender was made in 1968. Plaintiffs also claim that paragraph 5 of the agreement is evidence of the sale to them from Verena.

Paragraph 5, quoted above, appears to indicate the method for dividing the estate of Clarence. The two paragraphs that follow clearly support this conclusion for they set out the portions allocated to the other heirs. Verena took out a loan, which she was obligated to pay, and used it to pay the amounts allocated to the other heirs. The court was warranted in finding that this was done to accomplish the sale to Verena as set forth in the agreement.

Under the circumstances as outlined above the trial court could find that the plaintiffs had not carried the heavy burden required to establish a resulting trust. *Mays v. Jackson, supra.* We cannot say that we have a firm belief that the judgment on this issue is wrong. *Murphy v. Carron, supra.*

## ADVERSE POSSESSION

Plaintiffs also contend that they have acquired title to the 200 acre farm by adverse possession for the statutory period. The testimony of Verena that she told Henry to "go ahead" when he asked permission

to farm the land was undoubtedly believed by the court. Plaintiffs were thus present on the farm by permission. Permissive possession is not adverse and plaintiffs acquired no rights to the farm by reason of the possession they had for the purpose of working the farm. *Eld v. Ellis*, 235 S.W.2d 273, 275[2] (Mo.1950).

The judgment of the trial court is affirmed.

STEPHAN, P. J., and KELLY, J., concur.