**Wilson LANGLEY, Mary Ellen Corlew, a/k/a Susie Corlew, Opal Kelley Langley, and Harry Langley, individually and by relation to Langley Farms, Inc., a corporation, Plaintiffs–Appellants,**

v.

**R. G. LANGLEY, Jr. and Langley Farms, Inc., a corporation, Defendants and Third Party Plaintiffs–Respondents,**

v.

**Mary Ellen CORLEW, a/k/a Susie Corlew, Third Party Defendant–Appellant.**

No. 11672.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 21, 1980.

Joe Welborn, Briney, Welborn & Spain, Bloomfield, for plaintiffs–appellants and third party defendant–appellant.

Phillip J. Barkett, Jr., Dempster, Fuchs & Barkett, Sikeston, for defendants and third party plaintiffs–respondents.

PREWITT, Judge.

This appeal is from a judgment in favor of respondents on their "PETITION TO COMPEL SETTLEMENT".

Appellants brought a suit against respondents "on behalf of themselves and any other stockholders that may be similarly situated", seeking, among other things, the liquidation of Langley Farms, Inc. Following a pretrial conference on the morning of trial, the parties negotiated through their attorneys for approximately two hours and then the attorneys notified the judge that a settlement had been reached. No written agreement was made. With the parties and their attorneys present in the courtroom the

judge "congratulated" them on reaching a settlement and wrote on his docket sheet: "Parties appear in person and by attorneys, cause continued for settlement". The parties and their attorneys then left the courtroom. The next day respondents' attorneys sent a letter to appellants' attorneys "to confirm the settlement agreement", which set forth the terms of the purported settlement. Appellants thereafter refused to enter into a written settlement agreement or to carry out the settlement agreement claimed by respondents. Respondents then filed a petition seeking specific performance of the settlement agreement set forth in the letter. Appellants' answer denied that such an agreement was made.

The trial court found that the parties agreed to the settlement outlined in the letter and ordered appellants to carry out the terms of that agreement. Appellants have two points relied on:

## "A.

Since the only basis for finding of the apparent authority on the part of the attorneys to enter into the settlement, is solely the testimony of attorney Jim Green, and since his testimony is that the actual conveyance of the acceptance of the proposition of settlement was by attorney Hux, who did not testify, the finding of the trial court is against the weight of the evidence and the findings therefore are erroneous. The appellate court will weigh the evidence to determine whether the finding is against the weight of the evidence."

## "B.

The respondents have failed to prove, by the greater weight of the evidence, that the appellants ever agreed to the terms of any settlement and have failed to meet their burden of proving the allegations of their petition."

As both points .contend that the trial court's determination was against the weight of the evidence, we consider them together. Weight of the evidence means its weight in probative value, not the quantity or amount thereof. *Land Clearance for Redevelopment Authority of City of Joplin v. Joplin Union Depot Company*, 429 S.W.2d 806, 813 (Mo.App.1968). The weight of evidence is not determined by mathematics, but depends on its effect in inducing belief. Id. "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ A lawsuit may be settled by an oral agreement of the parties. *Landau v. St. Louis Public Service Company*, 364 Mo. 1134, 273 S.W.2d 255, 257 (banc 1954); *Turken Plumbing Co., Inc. v. Wood*, 553 S.W.2d 855, 856 (Mo.App.1977). Failure to carry out the terms of such a settlement may entitle a party to specific performance. *Landau v. St. Louis Public Service Company*, supra, 273 S.W.2d at 257.

■ We do not understand why the testimony of the attorney who informed respondents' attorney of appellants' acceptance of the settlement proposal was necessary. It was undisputed that he did so. The negotiations were conducted by discussions between the attorneys with the parties usually remaining in separate rooms, adjacent to the courtroom. Various proposals for settlement were "passed back and forth between the parties" by the attorneys. Jim Green, one of the attorneys who represented appellants at the time of the negotiations, testified that he was present when appellants agreed to the terms of the settlement later alleged in respondents' petition. That acceptance was communicated to respondents' attorneys by John Hux, Green's law partner. Green and one of respondents' attorneys both believed that a settlement was reached and testified to the same settlement terms. Appellants' testimony denied that they agreed to any settlement or authorized their attorney to settle. They say that upon hearing the judge state that he understood that the case had been settled, they were in "shock or dumbfounded"

and "completely surprised", and said nothing. Respondents presented evidence, disputed by appellants, that when appellants "went home they talked it over and ... felt they had done the wrong thing."

The circumstances here are consistent with the trial court's determination that the parties settled the lawsuit. There was believable evidence that they did. When we consider "weight of the evidence" in terms of its probative value and its effect in inducing belief, we cannot say "with a firm belief" that the judgment entered here was wrong.

The judgment is affirmed.

BILLINGS, P. J., and MAUS and GREENE, JJ., concur.