**Ray GOODNIGHT, Clifford Goodnight, Leona E. Davis and Fay Maxcy Nichols, Plaintiffs-Appellants,**

v.

**James E. CURRY, Administrator, Maxine Campbell, Genevieve Storm, Lena Brent, Bill Goodnight, Leonard Goodnight, Patricia Arnette, Alfred Tate and Thelma Goodnight, Defendants-Respondents.**

No. 11847.

Missouri Court of Appeals,
Southern District,
Division One.

June 16, 1981.

Daniel P. Wade, Wade & Haden, Ava, John G. Moody, Mansfield, for plaintiffs-appellants.

John E. Price, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendants-respondents.

PREWITT, Judge.

Plaintiffs brought this action contesting a purported will of William Goodnight. They contend that due to illness including a stroke, and advancing age, he did not have testamentary capacity at the time the document was signed and that it was executed as a result of undue influence. The trial court, finding that the decedent had testamentary capacity at the time he signed the will and that it was not executed due to undue influence, declared the contested will valid.

Plaintiffs contend that the court's judgment "was against the weight of the evidence": (1) "because there was insufficient evidence to support the trial court's finding that William Goodnight had testamentary capacity when he executed the will"; and (2) "because there was insufficient evidence to support the trial court's finding that the will was not executed under the undue influence of Lena Brent."

■ We should set aside a judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Weight of the evidence" means its weight in probative value, not the quantity or amount thereof. *Langley v. Langley*, 607 S.W.2d 211, 212 (Mo.App.1980). The weight of evidence is not determined by mathematics, but depends on its effect in inducing belief. *Id.*

■ Proponents of a will have the burden to establish as a part of their prima facie case that at the time of the execution of the will decedent was of sound and disposing mind and memory. *Maurath v. Sickles*, 586 S.W.2d 723, 726 (Mo.App.1979). Defendants' evidence was sufficient to do so. They presented lay and medical testimony, including that from apparently disinterested witnesses, that decedent was of sound mind and competent to make a will at the time the will was executed. Plaintiffs offered lay and medical testimony that decedent was not competent at that time. The trial court chose to believe defendants' evidence. Where there is conflicting testimony we give deference to the trial court's conclusions. *Lytle v. Page*, 591 S.W.2d 421, 423 (Mo.App.1979).

■ The burden of proving undue influence rests upon plaintiffs. *Maurath v. Sickles*, supra, 586 S.W.2d at 730. Motive and opportunity alone are not enough to establish undue influence. *Sweeney v. Eaton*, 486 S.W.2d 453, 456 (Mo.1972). A presumption of undue influence arises if: (1) a confidential or fiduciary relationship existed between the decedent and a beneficiary; (2) the beneficiary has been given substantial benefit by the will; and (3) the beneficiary caused or assisted in causing the execution of the will. *Matthews v. Turner*, 581 S.W.2d 466, 472 (Mo.App.1979). Plaintiffs contend that they have the benefit of such presumption. We question whether elements (1) and (3) were adequately established, but even if so, there was evidence indicating that no undue influence existed and the trial judge could have so found. This presumption presents an issue for the trier of fact. *Maurath v. Sickles*, supra, 586

**280**

S.W.2d at 730. There was evidence that the decedent was not under any undue influence and that he initiated the discussion of the will with its scrivener and that he made the decisions as to what the will should contain.

There was substantial evidence to support the trial judge's determination on both points raised here and, giving deference to his ability to view the witnesses, we cannot say with a firm belief that the judgment was wrong. It therefore should be affirmed. *Murphy v. Carron*, supra, 536 S.W.2d at 32.

The judgment is affirmed.

All concur, except GREENE, P. J., recused.