Keith LOONEY, Plaintiff–Appellant,

v.

ESTATE OF Verla V. ESHLEMAN, Defendant–Respondent.

No. 16249.

Missouri Court of Appeals, Southern District, Division One.

Jan. 23, 1990.

Jimmie A. Smith, Republic, for plaintiff-appellant.

Susan Appelquist, Appelquist Law Offices, Springfield, for defendant-respondent.

PREWITT, Judge.

Plaintiff filed a claim against the estate of Verla V. Eshleman, contending that he was entitled to a commission for conducting an auction of real estate for the estate. Following nonjury trial the court denied his claim. Plaintiff appeals.

Plaintiff's point on appeal states: "The Trial Court erred through abuse of discretion in assigning weight and credibility to the evidence in finding against Appellant." In the argument portion of his brief plaintiff seems to clarify his contention by stating that "the record will show that the

---

weight of the credible evidence at trial was heavily in favor of Appellant. It is therefore Appellant's position that the Trial Court abused its discretion by finding for the Respondent."

▮ This court should set aside a judgment on the ground that it is against the weight of the evidence only when this court has a firm belief that the judgment is wrong. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App.1981). "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. Id. The weight of evidence is not determined by mathematics, but on its effect in inducing belief. Id.

On appellate review of a case tried without a jury, "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2).

Verla Eshleman died testate, leaving most of her estate to her four children. In accordance with her will, two of her children, Jimmy M. Eshleman and Jerry L. Eshleman, were appointed by the Probate Division of the Circuit Court of Lawrence County as personal representatives to administer her estate.

Plaintiff testified that he was contacted by the "children" of Mrs. Eshleman to auction assets of her estate. The assets which were to be sold consisted of personal property and two tracts of real estate, one located in Marionville and the other near Aurora. Two auctions were set, one on each tract. Personal property was also sold at the auction near Aurora.

The Marionville tract was sold on October 3, 1988. Plaintiff received a commission on that sale. The fifty-five acre tract near Aurora was presented for sale on October 1, 1988. Kay Eshleman, Jimmy M. Eshleman's wife, was the highest bidder, at $120,000, for it. The personal representatives have refused to pay plaintiff a commission for his efforts in connection with that tract, resulting in plaintiff's claim.

▮ Jerry L. Eshleman testified that the heirs of the estate wanted a member of the family to purchase the real estate near Aurora; that plaintiff was so informed and agreed that he would not receive a commission if that occurred. Jerry L. Eshleman said that initially the personal representatives did not intend to have the fifty-five acres near Aurora listed for sale at the auction, but plaintiff suggested that more people would attend the sale if it was also advertised and the heirs could appraise the real estate by the bids made on it. Jerry L. Eshleman also testified that plaintiff told the family members that to stop the sale one of them should make the high bid. When a family member made the last bid the auction would conclude, there would be no sale, and no commission due.

Plaintiff testified that he had no such understanding regarding his commission as testified to by Jerry L. Eshleman. Although there were other witnesses, only plaintiff and Eshleman testified as to what was the agreement regarding the tract near Aurora.

Following the end of bidding on the tract near Aurora, plaintiff did not approach the family to obtain confirmation of the sale or have them sign a contract as he did with the purchasers on the Marionville property. On a sale sheet listing the property near Aurora, apparently one of plaintiff's clerks crossed out the sale of the real estate in a similar manner as was done to the auction of personal property whose sale was not carried out. Following the sale of the property at Marionville the plaintiff gathered the family members together to request their family approval, which they gave, and then he announced that the sale was final. That procedure was not followed on the tract near Aurora.

One witness says that by their agreement no commission would have been due. Another says one would have been due. Both had an interest in the outcome. By the trial court's specifically finding "that the contract was subject to the condition that if a family member was high bidder at the sale, Claimant would not be entitled to a real estate commission", it obviously believed Jerry L. Eshleman. The trial court's finding that Jerry L. Eshleman was credible is boosted by the facts that the sale

sheet and other procedures were handled differently on the real estate near Aurora than upon the sale of the Marionville tract.

We have no firm belief that the trial court's finding and the judgment based on it was wrong. The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.