In re the **MARRIAGE OF Gloria Sutter LAFFERTY and Kelly Glen Lafferty**

**Gloria Sutter Lafferty,
Petitioner–Appellant,**

**and**

**Kelly Glen Lafferty, Respondent.**

**No. 16454.**

Missouri Court of Appeals,
Southern District,
Division One.

May 1, 1990.

Charles R. Leick, Mazzei and Broshot, Steelville, for petitioner-appellant.

Paul L. Bell, Steelville, for respondent.

PREWITT, Judge.

A decree of dissolution of the parties' marriage was entered June 5, 1989. Gloria Sutter Lafferty appeals from that decree, presenting two points relied on. She contends (1) that the trial court erred in awarding respondent three horses, two birds, and a dog "as these creatures did not belong to either party and were owned by Vanovia, a corporation that was not a party to the proceedings", and (2) that the "trial court erred in failing to make specific findings as to whether the horses, birds and dog it awarded to respondent were marital or non-marital property".

The trial court found "that during the marriage petitioner and respondent pur-

chased and acquired marital property and that a reasonable division of said property is as follows:

\* \* \* \* \* \*

Respondent is awarded the following animals: 3 horses, namely, Forest, Smora and Firestar; two birds, named Lemo [1] and Resco,[2] and their cages, and one white German Shephard [sic] by the name of Kelly." [3]

In respondent's answer to appellant's petition he listed the three horses and the two birds awarded him as marital property and specifically asked for them. Appellant filed a reply denying that the horses and birds were marital property, alleging that they belonged to Vanovia Animal Sanctuary, Inc. She contended that the German Shepherd which was awarded to respondent was a gift that she received before the parties' marriage.

Respondent testified that after their marriage he and appellant bought fifteen horses, including the three he was awarded. He also said that he bought a "Maluccan cockatoo" named "Leemo" and a parrot named "Roscoe". Appellant testified that neither she nor respondent owned any animals, but that they belonged to "Vanovia". According to appellant Vanovia is a not-for-profit corporation that operates an animal sanctuary. Appellant lives on that sanctuary and apparently is employed by it and in charge of its day-to-day operation. Respondent formerly worked there.

In her testimony appellant admitted that she and respondent had bought the three horses. She said that they were later given to Vanovia. She also said that they had bought the two birds awarded to respondent. The dog, Kelly, was an offspring of two German Shepherds respondent owned before the marriage. Appellant testified that respondent gave him to her before their marriage.

If there were any written documents relating to the purchase or ownership of these animals, they were not placed before the trial court. There was no evidence that

---

1. Spelled "Leemo" in the transcript.

2. Spelled "Roscoe" in the transcript.

3. As the trial court did, in this opinion "animals" is used in the broad sense to include birds.

the dog or the birds belonged to Vanovia other than appellant's statement that neither she nor respondent owned any animals and that all of them at the sanctuary belonged to Vanovia. The only evidence that the horses belonged to it was appellant's testimony that they were given to Vanovia by appellant and respondent.

■ Review of such matters, under Rule 73.01, requires that the trial court's decision be sustained, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Reagan,* 589 S.W.2d 118, 120 (Mo.App.1979). Division of property is a matter within the sound discretion of the trial court and its decision should not be disturbed unless abused. *Id.*

On appellate review of a case tried without a jury due regard is given to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.-01(c)(2); *Looney v. Estate of Eshleman,* 783 S.W.2d 164, 165 (Mo.App.1990). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton,* 576 S.W.2d 584, 585 (Mo.App.1979).

■ Under that review were the case properly before us we likely would be compelled to affirm the judgment. However, a question of this court's jurisdiction prevents us from reaching the merits. "Although not questioned, it is this court's duty to determine the propriety of an appeal." *Government Employees Insurance Co. v. Clenny,* 752 S.W.2d 66, 68 (Mo.App.1988). The right to appeal and whether a party is aggrieved within the meaning of § 512.020, RSMo 1986, is jurisdictional which may be raised by an appellate court. *Id.*

■ Section 512.020, RSMo 1986, allows any "party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not" otherwise prohibited to appeal to a court having appellate jurisdiction. As used in that section, "aggrieved" means "suffering from an infringement or denial of legal rights." *Farrell v. DeClue,* 382 S.W.2d 462, 466 (Mo.App.1964) (quoting from Webster's Third New International Dictionary).

Appellant is correct in her assertion that a marital dissolution decree may not affect property of a non-party to the litigation. *In re Marriage of Ward,* 659 S.W.2d 605, 607 (Mo.App.1983); *Penn v. Penn,* 655 S.W.2d 631, 632–633 (Mo.App.1983). However, that does not allow a party to appeal where, as here, that party claims no ownership interest in the property awarded to another or any right to receive it.

In *Armstrong v. Armstrong,* 654 S.W.2d 302 (Mo.App.1983), the husband appealed from a dissolution decree, challenging only the provision of the decree which awarded the wife a house trailer. He contended that he had transferred the trailer to his father. The court said that he was seeking relief for a third person and that absent a showing that the husband would obtain more if he was granted the relief sought on appeal, he was not aggrieved. See also *Briss v. Consolidated Cabs,* 295 S.W.2d 391, 392 (Mo.App.1956) (appellant denying ownership of property in controversy, not "aggrieved").

Appellant claims error only in the parts of the decree not legally affecting her. Both of appellant's points relate only to property she says is owned by a separate legal entity, Vanovia Animal Sanctuary, Inc.[4] As she claims no ownership of those animals, she is not aggrieved. Appellant had a right to appeal, but as she is not aggrieved by the portion of the judgment complained of, no relief can be granted her here.

The appeal is dismissed.

CROW, P.J., and PARRISH, J., concur.

---

**4.** At trial appellant took the position that the dog was her separate property but does not now do so.