**Garen Lee WADDELL,
Plaintiff–Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant–Respondent.**

**No. 18278.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 24, 1993.

Garen Lee Waddell, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, Robert Childress, Assoc. Counsel, Dept. of Revenue, Springfield, for defendant-respondent.

PER CURIAM.

Following his arrest for driving while intoxicated, appellant's privileges of operating a motor vehicle were suspended. Thereafter, an administrative hearing upheld the suspension. Appellant then sought trial de novo under § 302.535, RSMo 1986.

After nonjury trial the court found that respondent properly suspended appellant's driving privileges. On appeal appellant has one point relied on, stating that the "[t]rial court erred in finding that appellant was arrested for probable cause: because said finding was against the weight of the credible evidence in that respondent's evidence was inconsistent, lacked credibility and failed to rise to the level of credibility necessary to allow the court to make said finding."

Review is under Rule 73.01(c). As that rule is interpreted, this court is to sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Thomas v. Depaoli*, 778 S.W.2d 745, 747 (Mo.App.1989).

■ This court should set aside a judgment on the ground that it is against the weight of the evidence only when this court has a firm belief that the judgment is wrong. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App.1981). "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Id.* The weight of the evidence is not determined by mathematics, but on its effect in inducing belief. *Id.*

■ On appellate review of a case tried without a jury, "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). The trial judge can disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App.1989).

■ It is not disputed that appellant was operating a motor vehicle on a public Missouri highway. There was testimony from the officer who arrested appellant, as well as another person who saw appellant shortly after his arrest, that he was intoxicated. The opinions of intoxication were based upon details of appellant's conduct they observed consistent with intoxication. The result of a breath test admitted without objection confirmed the intoxication.

Deferring to the trial court on credibility, there is no firm belief that the trial court was wrong. Based on this court's limited review, the trial court's order must be affirmed.

The judgment is affirmed.

All concur.