**ROSS FARMS, INCORPORATED, a Missouri Corporation, Plaintiff–Respondent,**

v.

**William and Sherma MOORE, Defendants–Appellants.**

No. 18807.

Missouri Court of Appeals, Southern District, Division Two.

March 31, 1994.

Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, for plaintiff-respondent.

Richard Whiffen, Sikeston, for defendants-appellants.

PREWITT, Judge.

The parties are adjoining land owners. Plaintiff sought to quiet title to a disputed strip of land to the south and east of defendants' residence. Defendants counterclaimed, seeking title to the land by adverse possession. The trial court entered judgment in favor of plaintiff and defendants appeal.

■ As the trial court heard this matter without a jury, review is under Rule 73.01(c). Under that rule's interpretation, this court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App. 1990).

Due regard is given by an appellate court to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton,* 576 S.W.2d 584, 585 (Mo.App.1979).

Defendants own a house next to the land farmed by plaintiff. There was evidence indicating that both parties used part of the disputed area cooperatively as a driveway and turning area for vehicles for several years. Defendants mowed the area and apparently from time to time did some gardening within it.

Defendants, seeking to establish title to the disputed property by adverse possession, have "the burden of establishing possession that is: (1) hostile, that is, under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous over the statutory period." *City of South Greenfield v. Cagle,* 591 S.W.2d 156, 159 (Mo.App.1979).

"Whether the burden has been met depends upon the facts of each particular case, and consideration is given to the nature and location of the property, the uses to which it is put, the intent of the parties and all other facts and circumstances of the possession and use." *Id.*

■ The failure to prove one necessary element prevents title being granted by adverse possession. *Enderle v. Robert,* 863 S.W.2d 692, 693 (Mo.App.1993); *Dambach v. James,* 587 S.W.2d 640, 643 (Mo.App.1979).

■ Comments by the trial judge indicated he determined defendants had not met their burden of proof of showing that their claim was hostile. The trial judge believed defendants' use was "permissive by the land owner". There was testimony from stockholders of plaintiff that defendants were given permission to use the land while defendants' testimony was that there was no permission. Two of the share owners of plaintiff testified that defendants had been given permission. Defendants testified that they had never sought permission as they thought they owned it.

■ Permissive use is contrary to a showing of adverse possession as hostile possession is lacking. *John v. Turner,* 542 S.W.2d 293, 300 (Mo.App.1976). See also *DeBold v. Leslie,* 381 S.W.2d 816, 820 (Mo.1964); *Oberg v. Alberswerth,* 592 S.W.2d 872, 875 (Mo.App. 1980).

The trial court did not have to believe defendants even if their testimony was uncontradicted. *Rollins v. Schwyhart,* 587 S.W.2d 364, 367 (Mo.App.1979). The trial court found that defendants' use was permissive and not hostile. Deferring to the trial judge on credibility, the judgment must be

upheld under our limited review stated above.

The judgment is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.