**Patricia Ann LEA, Plaintiff–Appellant,**

v.

**Herbert Franklin REED, Defendant–Respondent.**

**Nos. 19078, 19079.**

Missouri Court of Appeals,
Southern District,
Division One.

July 12, 1994.

Robert M. Sweere, Springfield, for plaintiff-appellant.

Patricia J. Shilling, Metzger & Shilling, Ozark, for defendant-respondent.

SHRUM, Judge.

Patricia Ann Lea appeals from a judgment in favor of Herbert Franklin Reed on his claim that she owed him principal and interest on a loan he made to her.

On appeal, Lea contends the trial court erred in finding for Reed because his claim was barred by either a five-year or four-year statute of limitations. We reject Lea's two points on appeal and affirm the judgment.

## FACTS

After the death of her mother, who was married to Reed, Lea sued Reed, requesting partition of her mother's real and personal property or sale of the property and division of the proceeds.

On March 6, 1992, Reed answered Lea's petition and filed a multiple-count counterclaim. In Count II he alleged (1) on November 24, 1981, he lent Lea and her husband $12,000.00 with which to purchase a travel trailer, (2) Lea promised to repay the $12,000 with 10 percent annual interest by paying monthly installments of $424.00, and (3) the principal balance was $10,369.14 as of June 2, 1987. Reed prayed for payment of the remaining principal plus interest that had accrued since July 2, 1987.[1]

Lea responded to Reed's Count II with a general denial and an affirmative pleading in which she asserted that "said counterclaim is barred by the statute of limitations."

At trial, on direct examination, Reed testified he bought the travel trailer for the Leas and that Patricia Lea verbally agreed to repay him "at so much a month at a reasonable rate of interest." He recalled the loan amount was $12,000.00, the monthly payments were $424.00, and the interest rate was "10 percent maybe, or 8 percent." Asked about the number of payments the Leas had made and the dates those payments were made, Reed said he could not answer "from recollection."

Reed's lawyer suggested he look at his "ledger book." The trial court rejected the admission into evidence of the ledger as a past recollection recorded but permitted Reed to refresh his recollection with it. With the aid of his ledger, Reed testified

---

1. From the evidence at trial it becomes clear that Reed intended to allege the balance was $10,- 369.14 as of *July* 2, 1987, and not *June* 2, 1987.

about two payments Lea made in 1982 and that, as of July 2, 1987, the balance due was $10,369.14. Lea's attorney repeatedly objected to Reed's testimony, arguing he was reading from the ledger rather than using it to refresh his recollection.

On cross-examination, the following transpired:

"Q [by Lea's attorney]: Do you recall when was the last time that they made any payments on this trailer transaction?

A: Not without looking at my ledger.

. . . .

Q: All right, and so it's a simple fact that you can't tell us whether they made a payment on it within five years of March the 3rd of 1992?

A: You mean 1987?

Q: (Nods head.)

A: I can't tell you without looking.

Q: So, they may not have made a payment in 1987?

A: I can't tell you.

Q: Well, can you sit here and tell me that they made a payment on this alleged loan during 1987 or thereafter?

A: I can't tell you except what my ledger says."

On redirect examination, the following occurred:

"Q [by Reed's attorney]: When was the last time Fred and Pat Lea made a payment on the travel trailer? Would you need to refer to your book to refresh your recollection?

A: Yes. (Examining document) July, '87."

2. It appears the trial court calculated interest at 8 percent, the lesser of the two rates to which Reed testified.

3. That this appeal has two numbers requires explanation.

Sometime in July 1993, after the real estate had been sold, the trial court ordered Reed's share of the proceeds distributed to him. Because of a dispute involving Lea's assignment of her share of the sale proceeds to her attorney, the court did not order that portion of the proceeds distributed until after it had conducted a hearing on September 14, 1993.

During recross-examination, asked what he recalled "about that incident in July of '87," Reed said, "Nothing except she did pay the $750.00."

Reed was the last witness in his case-in-chief. Immediately following his testimony, Lea's attorney requested a ruling on the merits of Reed's Count II "for the reason that there's no substantial evidence to support the position that the claim is not barred by the statute of limitations. . . ." The court denied the request.

On March 23, 1993, the trial court entered its "Interlocutory Judgment and Order of Sale" in which it ordered the real estate sold, with the sale proceeds to be divided in accordance with "further orders." On Count II of Reed's counterclaim, the court found in favor of Reed, found his damages to be $10,369.14 principal and $4,700.67 interest,[2] and ordered Lea to pay him $15,069.81. The court's disposition of the other counts of Lea's claim and Reed's counterclaim is not germane to this appeal, which is limited solely to Count II of the counterclaim.[3]

## DISCUSSION AND DECISION

The linchpin of Lea's two points on appeal is a statute of limitations defense. In Point I she contends the judgment in favor of Reed was erroneous because

"there was no substantial evidence showing any payments being made pursuant to the parties' alleged 1981 borrowing agreement within the 5 year period[4] prior to the filing of the counterclaim in that the only substantial testimony regarding payment was made by [Reed] whose testimony was inadmissible because it was not from memory but rather was merely a reading of a mem-

On September 22 Lea filed a notice of appeal. After becoming concerned that the time to appeal the March 23, 1993, order with respect to Reed's Count II might have expired, Lea obtained leave to appeal out of time and filed a second notice of appeal on October 1. We consolidated the two filings and two appeal numbers.

4. Apparently Lea refers to § 516.120, RSMo 1986, although she did not cite a particular statute in her pleadings or at trial and does not do so on appeal.

orandum which had been previously excluded by the court."

Alternatively, she contends in Point II that the judgment was erroneous because Count II of Reed's counterclaim

"was barred by the four year statute of limitations set forth in section 400–2.725 RSMo. in that the action was one involving an alleged breach of a contract for sale of goods and viewed in the light most favorable to [Reed] the evidence established that the last payment on the parties' alleged 1981 contract was made in July of 1987 and the action was not commenced until March 6, 1992 which was more than four years after July of 1987."

Supreme Court Rule 55.08 provides in pertinent part:

"In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including ... statute of limitations.... A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance."

■ In *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 383–84 (Mo. banc 1993), the supreme court discusses the necessity of pleading facts in support of an affirmative defense. We need not repeat that discussion here. In her response to Count II of Reed's counterclaim, Lea did not plead facts to support her bare legal conclusion that "said counterclaim is barred by the statute of limitations." Under Rule 55.08 and *ITT Commercial Finance Corp.*, Lea's attempt to plead a statute of limitations defense was insufficient as a matter of law.

■ We are not unmindful of Rule 55.-33(b), which states, in part, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." We find in the record no express consent by Reed to try a statute of limitations issue. Our question becomes whether there exists implied consent.

Regarding Lea's Point I, we believe the above-quoted cross-examination and redirect examination of Reed, taken in isolation, might be read to show implied consent by the parties to try the issue of a five-year statute of limitations. However, the direct examination of Reed on Count II of his counterclaim shows the relevance of the July 1987 date to other issues in the case, namely, the principal balance as of the date of the last payment, and the period of time for which interest would be calculated if he were to prevail on his claim.

■ "It is well settled that evidence will give rise to an amendment of pleadings by implied consent only when it bears solely on the proposed new issue and is not relevant to some other issue already in the case." *Lester v. Sayles*, 850 S.W.2d 858, 869[13] (Mo. banc 1993). Because the July 1987 payment date was relevant to other issues already in the case, Lea's defective pleading of a five-year statute of limitations defense was not cured by implied consent.

Lea's argument under Point I about Reed's use of his ledger at trial is offered only in support of her statute of limitations claim; she does not directly challenge the trial court's rulings that permitted Reed's testimony. Thus, shorn of the defectively pled five-year statute of limitations defense, Lea's Point I makes no viable challenge to an action or ruling of the trial court. *See* Rule 84.04(d). We reject Point I.

We find no support in the record for an argument that a four-year statute of limitations, based on § 400.2–725, RSMo 1986, was tried by implied consent; indeed, nothing suggests that Reed—or the trial court—could have been aware that Lea was asserting the Uniform Commercial Code limitations provision applicable to a breach of a contract for the sale of goods. *Compare Southwestern Bell Telephone Co. v. Buie*, 758 S.W.2d 157, 161[2, 3] (Mo.App.1988), in which the court of appeals rejected Southwestern Bell's attempt to assert the statute of limitations under the National Labor Relations Act where it had pled, "Plaintiff states as an affirmative defense, that defendant's counter-

claim, Count III, is barred by the statute of limitations." Point II has no merit.

We affirm the judgment of the trial court.

PARRISH, C.J., and MONTGOMERY, J., concur.