**SECURITY BANK OF AMERICA,**
**Plaintiff–Appellant,**

v.

**Ivel DOOMS and Della Dooms,**
**Defendants–Respondents.**

**No. 19279.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 1994.

---

William W. Kirchoff, Kirchoff & Associates, Springfield, for plaintiff-appellant.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, for defendants-respondents.

PREWITT, Judge.

Plaintiff filed a petition on March 15, 1993, seeking $7829.52 plus interest, attorneys fees and costs. Defendants signed a promissory note dated September 4, 1984, the payment of which was secured by a deed of trust. The deed of trust was foreclosed April 24, 1987, and plaintiff claimed the amount received through the foreclosure was $7829.52 less than the amount due on the note. Following nonjury trial plaintiff received judgment for $675 and interest. Plaintiff appeals, presenting one point relied on.

■ Review of this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Ross Farms, Inc. v. Moore*, 873 S.W.2d 308, 309 (Mo.App.1994). On appellate review of a case tried without a jury, "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2).

Plaintiff's point is in two parts. It first contends "[t]he trial court improperly applied and declared Section 517.031.2 R.S.MO" Supp.1992. That contention has no merit as Chapter 517 is to "apply to the practice and procedure in civil cases originally filed before associate circuit judges". § 517.011.1, RSMo Supp.1992.

■ In its reply brief plaintiff acknowledges this matter was not filed in the associate division of the circuit court. In that brief plaintiff argues that if § 517.031.2 does not apply, then Rule 55.08 does. A claim of error first set forth in a reply brief does not present an issue for appellate review. *Lytle v. Page*, 591 S.W.2d 421, 426 (Mo.App.1979).

■ The remaining contention of plaintiff is that the trial court's finding "is not supported by substantial evidence, and is against the weight of the evidence." This court sets aside a judgment on the ground that it is against the weight of the evidence only with a firm belief that the judgment is wrong. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App.1981). "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Id.* The weight of the evidence is not determined by mathematics, but on its effect in inducing belief. *Id.*

■ The result reached by the trial court was consistent with plaintiff's records and the testimony of defendant Ivel Dooms. The trial court's determination was supported by substantial evidence and we have no firm belief that the judgment was wrong.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.