Brian L. SHELTON and Robin R. Shelton, Plaintiffs–Appellants,

v.

David BOLLINGER and Sheila Bollinger, Defendants–Respondents.

No. 19379.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 12, 1994.

evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Ross Farms, Inc. v. Moore*, 873 S.W.2d 308, 309 (Mo.App.1994). On appellate review of a case tried without a jury "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). As no findings of fact were requested or made, the facts "shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

This court sets aside a judgment on the ground that it is against the weight of the evidence only with a firm belief that the judgment is wrong. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App.1981). "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Id.* The weight of the evidence is not determined by mathematics, but on its effect in inducing belief. *Id.*

Plaintiffs paid defendants for the mobile home and received a certificate of title to it. Plaintiffs claimed that defendant David Bollinger signed an agreement by which he agreed to continue having insurance on the mobile home. He denied that this was the agreement he signed and denied that the agreement upon which plaintiffs relied contained his signature. Deferring to the trial court's ability to assess the credibility of witnesses, we cannot say with a firm belief that its conclusion was wrong.

In the remaining point plaintiffs contend the trial court erred "because the purported sale of the mobile home was void and did not pass title to the mobile home from respondents to appellants because the assignment of the certificate of title for the mobile home was signed in blank by respondents." Neither this contention nor the facts upon which it was based were referred to in plaintiffs' petition, and it does not appear from the record that it was a theory presented to the trial court.

"An appellate court will review a case only upon the theory tried and a party will be held on appeal to his theory at trial." *In*

James M. Hux, Hux & Hux, Sikeston, for plaintiffs-appellants.

Dale E. Gerecke, Finch, Bradshaw, Strom & Steele, L.C., Cape Girardeau, for defendants-respondents.

PREWITT, Judge.

Plaintiffs filed a petition seeking damages from defendants, claiming that defendants breached an agreement requiring them to carry insurance on a mobile home which plaintiffs agreed to purchase from defendants. Following nonjury trial, the court entered judgment in favor of defendants. Plaintiffs appeal, presenting two points relied on.

Plaintiffs contend in their first point that the court erred because its "judgment is against the weight of the evidence in that the clear weight of the probative evidence in this cause was that respondents breached a written contractual commitment to keep the mobile home insured until it was removed from respondents' premises."

Review of this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination unless there is no substantial

*re Marriage of Hunter*, 614 S.W.2d 277, 278 (Mo.App.1981). Nor were the pleadings amended because issues were tried by express or implied consent of the parties as provided in Rule 55.33(b). Evidence creates an amendment of pleadings by implied consent only when it bears solely on the proposed new issue and is not relevant to some other issue in the case. *Lea v. Reed*, 880 S.W.2d 603, 606 (Mo.App.1994); *Gee v. Gee*, 605 S.W.2d 815, 817 (Mo.App.1980).

The certificate of title appeared to be offered for, and was relevant to, the claimed agreement to purchase the mobile home, an issue related to plaintiffs' pleaded theory. Therefore, no new issue was raised by the certificate of title's introduction into evidence. Point II is denied.

The judgment is affirmed.

GARRISON, P.J., and PARRISH, J., concur.