**Scott S. PENDERGRASS, Claimant–Employee–Respondent,**

v.

**KILLIAN CONSTRUCTION COMPANY, Employer–Appellant,**

and

**Aetna Casualty and Surety Company, Insurer–Appellant.**

No. 19690.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 17, 1995.

Warren S. Stafford, Taylor, Stafford, Woody, Clithero & Fitzgerald, Springfield.

William D. Powell, Daniel, Clampett, Lilley, Dalton, Powell, & Cunningham, Springfield.

PREWITT, Judge.

■ Employer and insurer appeal from an award allowing benefits under the Workers' Compensation Law. They contend that the Labor and Industrial Relations Commission erred in finding that the employee Scott S. Pendergrass hit his head when he fell from a trailer or skytrack resulting in a head injury because "the findings and conclusions were against the overwhelming weight of the evidence, and there was not sufficient competent evidence in the record to warrant the award". Appellants contend that evidence through "independent witnesses ... established that respondent A) did not strike his head on concrete, and B) did not fall from a forklift/skywalk."[1]

■ The scope of this court's review is stated in Mo. Const. Art. V, § 18 and § 287.495, RSMo 1986. From them and their predecessors certain well established principles have developed. Appellate courts review workers' compensation cases in the light most favorable to the award and uphold the decision of the Commission if it is supported by competent and substantial evidence. *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App.1983).

■ The Commission's award is changed only when it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence. *Bradshaw v. Brown Shoe Co.*, 660 S.W.2d 390, 392 (Mo.App.1983). The Commission judges the credibility of witnesses. *Malcom v. La–Z–Boy Midwest Chair Co.*, 618 S.W.2d 725, 726 (Mo.App.1981).

■ The Commission's acceptance or rejection of part or all of a witness's testimony cannot be disturbed upon review unless its acceptance or rejection is against the overwhelming weight of the evidence. *Pullum v. Hudson Foods*, 871 S.W.2d 94, 96 (Mo.App.1994). "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App.1981). Weight of the evidence is not determined by mathematics, but on its effect in inducing belief. *Id.*

■ Appellants acknowledge that the employee's testimony was consistent with the award. That testimony was also consistent with that of the employee's wife and medical physicians who treated him for a head injury. The acceptance or rejection of that testimony was for the Commission and we do not substitute our view of the facts for those so found by the Commission. *Malcom*, 618 S.W.2d at 726.

The record indicates that appellants' "independent witnesses" were not as "independent" nor as positive as appellants contend. Whether they were or not, it was for the

---

1. The award, although denominated "temporary or partial", is appealable as appellants contend they are not liable for any compensation benefits. *See Tunstill v. Eagle Sheet Metal Works*, 870 S.W.2d 264, 266 n. 3 (Mo.App.1994). *See also Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655–656 (Mo.App.1994).

Commission to determine their credibility. Their testimony does not result in the Commission's decision being against the overwhelming weight of the evidence. *Cf. Saidawi v. Giovanni's Little Place*, 805 S.W.2d 180 (Mo.App.1990).

"[T]he Commission is authorized to base its findings and award solely on the testimony of a claimant; this testimony alone, if believed, constitutes substantial evidence to establish those facts to which he is competent to testify." *Saidawi*, 805 S.W.2d at 182. *See also Lawton v. Trans World Airlines, Inc.*, 885 S.W.2d 768, 770 (Mo.App.1994); *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 904 (Mo.App.1984); *Chilton v. General Motor Parts Div.*, 643 S.W.2d 304, 306 (Mo. App.1982); *Pate v. St. Louis Independent Packing Co.*, 428 S.W.2d 744, 751 (Mo.App. 1968) (award not against the overwhelming weight of the evidence as Commission believed claimant).

The award is affirmed.

GARRISON, P.J., and PARRISH, J., concur.