**In the Matter of the ESTATE OF Verna Irene ROSE, Deceased.**

**Glenna HIRSHEY, Plaintiff–Appellant,**

v.

**Terence D. PRIGMORE, Personal Representative of the Estate of Verna Irene Rose, Deceased, Defendant–Respondent.**

**No. 19410.**

Missouri Court of Appeals, Southern District, Division Two.

April 11, 1995.

Roger K. Fisher, Joplin, for plaintiff-appellant.

Terence D. Prigmore, Joplin, for defendant-respondent.

PREWITT, Judge.

Appellant filed a claim in the estate of Verna Irene Rose, deceased, seeking compensation for services she claims to have performed for the decedent. Following non-jury trial, her claim was denied. Appellant appeals, presenting one point relied on. Appellant states that the trial court erred by erroneously declaring and applying the law and entered a judgment not supported by substantial evidence and against the weight of the evidence.

■ Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the judgment, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

■ Due regard is given to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2); *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo. App.1990). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979). The trial judge, as the trier of fact, can disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676–677 (Mo.App.1989).

■ This court sets aside a judgment on the ground that it is against the weight of the evidence only with a firm belief that the judgment is wrong. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App.1981). "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Id.* The weight of the evidence is not determined by mathematics, but on its effect in inducing belief. *Id.*

■ Appellant's claim sought $107,000 for services rendered to the decedent from October 1983 through August of 1992 "in reliance on decedent's promise to leave claimant $150,000.00 and other property." Appellant received a money market account of $43,-000.00 as the surviving joint tenant with decedent. These funds represented money of decedent which she placed in the joint account with Appellant. Pursuant to the decedent's will Appellant received a house valued at $20,000.00 and an automobile valued at $1,500.00.

Although there was other evidence of services performed by Appellant, the only evidence of an agreement between Appellant and decedent was Appellant's testimony. She testified that decedent promised her $150,000.00 if she would "look after me like you have been ... and continue to do that for me and have someone that I can depend on if I need you." Appellant said she accepted the arrangement. She testified that decedent said she would put "CD's in my name." Appellant's name was subsequently removed from the certificates of deposit with her knowledge, and apparently without any complaint from her.

The trial court found that Appellant performed services for the decedent, but determined that Appellant's evidence was insufficient to establish an enforceable contract for services or a devise of property. Whether that decision was based in whole or part on § 474.155, RSMo 1986, was not stated. As the trial court appears not to have believed Appellant's testimony, it is not necessary to determine if § 474.155 is applicable. That section is set forth marginally.[1]

The trial court concluded "that the decedent did intend some recompense for the Claimant and by Will and joint survivorship has provided the Claimant with funds which are approximately one-third of her total estate, thus satisfying any obligation incurred."

It was the province of the trial court as the trier of fact to determine if there was such an agreement as claimed and whether services were performed and if so the extent of those services and their value. Under our limited review, as stated above, we cannot say that the trial court erred in its determination. The trial court's finding did not erroneously declare or apply the law and the judgment

---

1. **474.155. Contract to make will or devise, revoke or not revoke will or devise, or to die intestate, how established.**—A contract to make a will or devise, to revoke or not to revoke a will or devise, or to die intestate, if executed after January 1, 1981, can be established only by

  (1) Provisions of a will stating material provisions of the contract;

  (2) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or

  (3) A writing signed by the decedent evidencing the contract.

The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.

was supported by substantial evidence and not against the weight of the evidence.

The judgment is affirmed.

GARRISON, P.J., and PARRISH, J., concur.