Richard L. ROGERS, Employee–
Appellant,

v.

L & W INDUSTRIES, Employer–
Respondent,

and

Nationwide Mutual Insurance Company,
Insurer–Respondent.

No. 19935.

Missouri Court of Appeals,
Southern District,
Division Two.

June 23, 1995.

Joseph A. Bohrer, Yates, Mauck, Bohrer, Elliff, Croessman & Wieland, P.C., Springfield, for appellant.

David A. Childers, Woolsey, Fisher, Whiteaker & McDonald, P.C., Springfield, for respondent.

PREWITT, Judge.

Employee appeals from a workers' compensation award granting him less relief than sought. Employee's accident occurred on September 12, 1990, and he filed a claim for compensation on February 8, 1991. The matter was heard by an Administrative Law Judge on March 6, 1992, with an initial award dated March 12, 1993. Application for review before the Commission was filed on March 29, 1993. A final award was issued by the Commission on November 3, 1994, adopting the Administrative Law Judge's findings. Why this matter was so delayed is not apparent from the record.

Following notice of appeal, the record of the proceedings before the Division of Workers' Compensation and the Labor and Industrial Relations Commission was filed here December 14, 1994. Employee's point relied on states:

> The Commission erred in making a final rather than a temporary award, and in failing to award the Appellant temporary total disability and to pay his present and future medical expense relating to his reflex sympathetic dystrophy condition in that there was no substantial evidence that Appellant's injury had reached "maximum medical improvement" on February 13, 1991 because subsequent medical treatment did, in fact, improve the reflex sympathetic dystrophy (RSD) caused by his injury while in the Respondent's employment.

The fallacy in employee's contentions is that although his condition may have improved following further medical treatment,

the Labor and Industrial Relations Commission concluded that this condition was not caused by the employee's accident and injury at work. Under this court's limited review, *see Pendergrass v. Killian Constr. Co.*, 891 S.W.2d 166, 167 (Mo.App.1995), the Commission's determination must be affirmed.[1]

The order of the Commission is supported by competent and substantial evidence on the whole record and no error of law appears. An opinion would have no precedential value.

The award is affirmed in compliance with Rule 84.16(b).

GARRISON, P.J., and PARRISH, J., concur.

1. The Western District of this court in *Davis v. Research Medical Cntr.*, 903 S.W.2d 557 (1995) has an exhaustive discussion of appellate review of decisions of the Labor and Industrial Relations Commission in Workers' Compensation matters. Whether it is correct that inappropriate review has occurred, it concludes that "in cases

where the Commission affirms or adopts the findings and award made by the ALJ before whom the witnesses in the case testified in person, the resulting consistency, especially as concerns credibility determinations, is a powerful factor in favor of upholding the Commission's award on appeal." At 571.